UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TOMMIE TUCKER                                         CIVIL ACTION NO. 09-474

VERSUS                                                JUDGE S. MAURICE HICKS, JR.

JPMORGAN CHASE BANK                                   MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before this Court is a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Record Document 7], filed on behalf of the defendant, JPMorgan Chase Bank, N.A. Defendant claims Plaintiff has failed to state a claim upon which relief may be granted because he cannot maintain the present action under 42 U.S.C. § 1983. In addition, to the extent Plaintiff alleges a state law tort claim, Defendant argues the Court lacks subject matter jurisdiction because the amount in controversy is insufficient to satisfy the jurisdictional requirements of 28 U.S.C. § 1332. For the reasons stated herein, Defendant's motion is **GRANTED**.

### FACTUAL BACKGROUND

On March 20, 2009, Plaintiff Tommie Tucker filed a civil rights complaint against JPMorgan Chase Bank pursuant to 42 U.S.C. § 1983. Plaintiff claims he opened a checking account at JPMorgan Chase Bank where disability checks were to be deposited on the third of each month. He alleges there is a missing Chase Visa credit card and a missing ATM card. See Record Document 1 (Complaint). Plaintiff also claims JPMorgan Chase Bank was negligent with his personal information and caused his identity to be stolen. See Record Document 14. Plaintiff requests JPMorgan Chase Bank be ordered

to send all funds in his account to his prison account, and to award him 20 percent interest and $25,000 in punitive damages.

## LAW AND ANALYSIS

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." Because dismissal of an action under Rule 12(b)(6) is a "disfavored means of disposing of a case," the Court should grant such a motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. Id. Therefore, this Court must examine the applicable law and determine whether or not the plaintiff's claims are pled sufficiently in order to survive the Rule 12(b)(6) motion.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts tending to show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the deprivation was caused by a person or persons acting "under color of" state law. Bass v. Packwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). A private actor may be liable under Section 1983 "only where the challenged conduct may be 'fairly attributable to the State.'" Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1982)). A bank does not act "under color of" state

law for purposes of Section 1983.  Parker v. First Union Nat. Bank, 816 F.2d 673 (4th Cir. 1987).  It is not enough that an institution is highly regulated and chartered by the state. See Arlosoroff v. Nat. Collegiate Athletic Ass'n, 746 F.2d 1019, 1022 (4th Cir. 1984).

Assuming *arguendo* Plaintiff's complaint is sufficient to allege a deprivation of a right secured by the Constitution or the laws of the United States, such deprivation was not caused by a person or persons acting "under color of" state law.  JPMorgan Chase Bank is a national bank, not a governmental agency.  In the absence of any allegations of involvement by an agent or official of the state, Plaintiff fails to show the requisite entitlement to relief under Section 1983.  Accordingly, Plaintiff's claims under Section 1983 shall be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**B.    Rule 12(b)(1)**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).  Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Ramming v. United States, 281 F.3d 158, 161-162 (5th Cir. 2001) (citing Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)).

As Plaintiff has failed to state a claim sufficient to invoke federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff's state law tort claims must be dismissed for lack of

subject matter jurisdiction unless Plaintiff satisfies the prerequisites for diversity jurisdiction under 28 U.S.C. § 1332.  Under Section 1332, district courts have original subject matter jurisdiction in all civil actions between "citizens of different States" where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  As the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of establishing the prerequisites of Section 1332 are met.  St. Paul Reinsurance v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

In the instant matter, Plaintiff claims disability payments were to be deposited into his checking account with JPMorgan Chase Bank and requests these funds be transferred to his prison account.  However, Plaintiff provides no information as to the amount of the alleged disability payments or the amount of funds deposited into his account. While Plaintiff also seeks to recover 20 percent interest on the amount of funds in the account, Louisiana does not allow the recovery of 20 percent interest on judgment sounding in damages, *ex delicto*.  See La. R.S. § 13:4202-4203.  Similarly, although Plaintiff requests $25,000 in punitive damages, Louisiana law precludes recovery of punitive damages in the absence of a specific statutory provision.  See Zaffuto v. City of Hammond, 308 F.3d 485, 491, reh'g  in part, 313 F.3d 879 (5th Cir. 2002).  Consequently, the allegations contained in Plaintiff's complaint are insufficient to establish that the amount in controversy exceeds $75,000.00.

## CONCLUSION

Plaintiff failed to allege he was deprived of his rights under the Constitution or laws of the United States by a person or persons acting "under color of" state law, and thus failed to state a claim under 42 U.S.C. § 1983. Furthermore, the Court lacks subject matter

jurisdiction over Plaintiff's state law tort claims because the amount in controversy does not exceed $75,000.00.

Accordingly, JPMorgan Chase Bank's Motion to Dismiss [Record Document 7] is **GRANTED** and Plaintiff's claims shall be **DISMISSED WITH PREJUDICE.** A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 24th day of November, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE